UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| vs. | § | NO:   DR:20-CR-01286(1)-AM |
| | § | |
| (1) Donald Ray Lockard | § | |

**GENERAL ORDER CONCERNING DISCOVERY AND PRETRIAL MOTIONS**

In the interests of justice and judicial economy, the Court enters the following general order governing discovery and pretrial matters.  In general, the Court will order the parties to comply with Rules 12(d)(2), 16, and 26.2 of the Federal Rules of Criminal Procedure, and with **Brady v. Maryland**, 373 U.S. 83 (1963), **Giglio v. United States**, 405 U.S. 150 (1972), and their progeny, and with Title 18, United States Code, Section 3500, as well as Rule 404(b) of the Federal Rules of Evidence.

**Section I**

Not later **than twenty calendar days from the first date of the Defendant's arraignment**, the Government shall provide Defendant with notice of evidence it intends to use at trial and that may be subject to a motion to suppress evidence, pursuant to Rule 12 of the Federal Rules of Criminal Procedure.

**Section II**

Not later **than twenty calendar days from the first date of the Defendant's arraignment**, the Government shall disclose all of the discovery and permit the Defendant to inspect and copy or photograph all discoverable items set forth in Rule 16(a) of the Federal Rules of Criminal Procedure.

## Section III

No later **than twenty calendar days from the first date of the Defendant's arraignment,** the Government shall disclose to the Defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), and their progeny, any and all evidence which would tend to exculpate the Defendant and be material to the defense, or which would constitute impeachment of Government witnesses, or which would serve to mitigate any punishment that might be imposed in this case.  This includes but is not limited to the following:

(1) Any evidence tending to show threats, promises, payments, or inducements made by the Government, or any agent thereof, that would bear upon the credibility of any Government witness;

(2) Any statement of any Government witness that is inconsistent with any other prior statements of the witness;

(3) Any statement of any Government witness that is inconsistent with the witness's testimony at trial;

(4) Any prior conviction of any Government witness if (a) the crime is punishable by death or imprisonment in excess of one year, or (b) the crime involved dishonesty or false statements, regardless of punishment;

(5) Any pending criminal charges against any government witness; and

(6) Any specific instances of conduct by any government witness tending to show the witness's character for untruthfulness.

If the Government elects not to disclose any evidence, information, or statements that may arguably fall within this Section, the Government shall, within the twenty-day deadline, submit such evidence, information, or statements to the Court for *in camera* inspection and a determination whether such material must be disclosed, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure.

**Section IV**

If the Government is unable to comply with the twenty-day discovery requirements set forth in Sections I, II, or III, the Government and the Defendant shall confer and submit to the Court not later than ten calendar days from expiration of the twenty-day discovery deadline a Disclosure Agreement Checklist attached to this order.

**FAILURE BY THE PARTIES TO COMPLY WITH THE COURT'S ORDER OR TO FILE THE DISCLOSURE AGREEMENT CHECKLIST MAY RESULT IN THE COURT NOT ALLOWING SUCH EVIDENCE TO BE ADMITTED AT TRIAL, UNLESS GOOD CAUSE IS SHOWN AT A HEARING NOT LATER THAN TEN CALENDAR DAYS PRIOR TO THE COMMENCEMENT OF THE TRIAL OF THE CASE.  OTHER APPROPRIATE SANCTIONS MAY ALSO BE IMPOSED PURSUANT TO RULE 16 (d)(2) OF THE FEDERAL CODE OF CRIMINAL PROCEDURE AND/OR THE COURT'S CONTEMPT POWERS.**

If the Government elects not to disclose evidence or seeks to defer the production of evidence, the Government shall follow the procedure set forth in Rule 16(d)(1) of the Federal Rules of Criminal Procedure within the twenty-day deadline set forth above in Sections I, II, or III, or as soon thereafter as the Government becomes aware of such evidence.

If the Government fails to timely comply with Sections I, II, or III, and fails to notify the Court of its reasons for not complying, the Defendant shall, without delay, file a written and detailed motion to comply the Government to comply.

**Section V**

Pursuant to Title 18, United States Code, Section 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure the Government shall disclose prior statements of any Government witness not later than the conclusion of the witness's direct examination at trial.  However, the

Court **strongly encourages** the Government to produce such prior statements at least one business day before the witness is to be called to testify on direct examination in order to allow the Defendant an opportunity to review the statement and to reduce the need for delays during trial.

### Section VI

**If the Defendant should elect to forego receipt of discovery materials to avoid the reciprocal discovery requirements, such elections should be made in writing not later than ten calendar days from the first date of the Defendant's arraignment.  The written document shall have the Defendant's signature evincing his approval of the election to forego receipt of discovery materials.**  See, Rule 16(b), Fed. R. Crim. Proc.

### Section VII

Not later than **thirty calendar days from the first date of the Defendant's arraignment**, the Defendant shall disclose to the Government all of the information subject to disclosure pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure, unless the Defendant complies with Section VI of this order.

If the Defendant is unable to comply with the thirty day deadline for reciprocal discovery, the Defendant shall comply with the provisions of Section IV.  If the Defendant seeks to defer the production of evidence, then the Defendant shall follow the procedure set forth in Rule 16(d) of the Federal Rules of Criminal Procedure within the thirty day deadline, or as soon thereafter as the Defendant becomes aware of such evidence.

If the Defendant fails to timely comply with the reciprocal discovery obligations, and fails to notify the Court of the reasons for noncompliance, the Government shall, without delay, file a written motion to compel the Defendant to comply.

**Section VIII**

Within thirty calendar days from the first date of the Defendant's arraignment, the Defendant shall file any defense, objection or request that is capable of determination without the trial of the general issue, including, without limitation, the following:

 (a) Defenses and objections based on defects in the institution of the prosecution;

 (b) Defenses and objections based on defects in the indictment or information, although at any time while the case is pending, the Court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense;

 (c) Motion to suppress evidence;

 (d) Requests for severance of charges or Defendants under Rules 8 and/or 14;

 (e) Defenses asserted pursuant to Rules 12.1, 12.2. or 12.3;

 (f) Motion for the identification of confidential informant(s);

 (g) Motion for discovery and/or suppression of wire tap materials pursuant to Title III; or

 (h) Motion to dismiss the prosecution.

Failure by the Defendant to raise defenses or objections to make requests within the time set forth above, or within any extension thereof made by the Court, SHALL constitute waiver thereof; but the Court, for good cause shown, may grant relief from the waiver.

**Section IX**

Not less than ten business days prior to the commencement of the trial on the merits, the Government shall, pursuant to Rules 404(b), 702, 703, and 705 of the Federal Rules of Evidence, provide the Defendant with notice of the general nature of any and all evidence of other crimes, wrongs, or acts of the Defendant, and expert testimony that the Government intends to offer at the trial of the case.

## Section X

In accordance with Rule 16 of the Federal Rules of Criminal Procedure both parties have a continuing obligation to disclose. If, prior to or during trial, a party discovers additional evidence or materials covered by this Order, that party shall promptly disclose the evidence to opposing counsel and notify opposing counsel and the Court of its existence and the party's reasoning for having failed to disclose it in a timely fashion.

## Section XI

Should any Defendant require additional discovery materials NOT covered by this Order, he or she shall file a Motion for Discovery within the twenty day deadline following the first date of the Defendant's arraignment asking for the specific item that he or she is requesting with proper memorandum and specific citations setting forth the authority for granting the request. **IT IS NOT NECESSARY THAT A DEFENDANT FILE ANY PRETRIAL MOTION REQUESTING DISCOVERY MATERIALS ALREADY COVERED BY THE PROVISIONS OF THIS ORDER, AND THE DEFENDANT IS STRONGLY ENCOURAGED TO REFRAIN FROM DOING SO.**

Discovery motions filed before the entry of this Order are hereby DENIED, subject to reurging upon a showing that a specific request is not addressed by this Order or that other unique circumstances require relief from this Order.

## Section XII

Any matter relating to pretrial discovery and inspection not referred to in this Order shall be governed by the applicable provisions of the Federal Rules of Criminal Procedure.

## Section XIII

The Court strongly urges prompt and early compliance with the provisions of this Order. The parties are hereby placed on notice that failure to comply, without adequate cause, may result

in the Court not allowing evidence to be admitted at trial, or the imposition of other appropriate sanctions pursuant to Rule 16(d)(2) of the Federal Code of Criminal Procedure and/or the Court's contempt powers.

## Section XIV

**MOTIONS IN LIMINE, IF ANY, SHALL BE FILED NO LATER THAN ONE WEEK PRIOR TO THE COMMENCEMENT OF JURY SELECTION.** Each motion in limine must describe with specificity the evidence sought to be excluded. Requests in the motion should be tailored to the facts and issues actually arising or reasonably anticipated to arise in the case. Reference to generic categories of evidence excluded by the Federal Rules of Evidence or Criminal Procedure are unnecessary and inappropriate. Responses to motions in limine shall be filed by the Thursday preceding jury selection. Responses shall indicate which items in the motions in limine are unobjected to, and objections shall be set forth with supporting authority. **Motions in limine and responses thereto not filed in accordance with this Order are denied as untimely filed, unless the Court finds good cause for the noncompliance.**

IT IS SO ORDERED THIS 11th day of March, 2003.

_____
HONORABLE ALIA MOSES
U.S. DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

**GENERAL ORDER CONCERNING AUTHENTICATION OF EXHIBITS**

In order to more efficiently and expeditiously conduct a trial if one is necessary, counsel are encouraged to exchange documentary exhibits within a reasonable period of time prior to the docket call and trial setting. Once counsel has provided opposing counsel with proposed documentary exhibits, authentication of the exhibit will be presumed unless opposing counsel notifies the offering party in writing within five (5) days after the exhibit is listed and made available. To the extent that counsel wish to raise objections concerning the admissibility of exhibits, such objections must be made at least three (3) business days before trial by notifying the Court in writing of the evidentiary disputes with copies of the disputed exhibit and authority attached to the written objection.

It is so ORDERED.

Signed this 11th day of March, 2003.

HONORABLE ALIA MOSES
U.S. DISTRICT JUDGE